IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10350
_____


EDDIE HOSEA HUNT,

                              Petitioner-Appellant,

                    versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                              Respondent-Appellee.

_____

Appeal from the United States District Court for
the Northern District of Texas
_____

April 24, 1996

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:[*]

Hunt committed three separate armed robberies in a span of approximately twenty days.  He was indicted for each robbery, and in a consolidated trial was convicted on each indictment in a Texas state court.  Hunt was sentenced to 95 years in prison, 50 years in prison and a $10,000 fine, and life imprisonment.  Under state law, the sentences were to be served concurrently.  His

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

conviction was affirmed by a Texas court of appeals.[1]  Hunt did not petition the Texas Court of Criminal Appeals for discretionary review.  In Hunt's post-conviction pleadings, the Texas Court of Criminal Appeals denied his three applications for habeas relief.[2]  Hunt then filed the instant federal habeas petition. 28 U.S.C. § 2254.

Based upon a magistrate's recommendation, the district court denied Hunt's petition for habeas relief and dismissed the petition.  The district court also denied Hunt a certificate of probable cause to appeal.  Hunt alleged that he received ineffective assistance of counsel because his appellate counsel's brief failed to raise any claims specific to one of the three convictions (cause number F91-39619-TP for which he was sentenced to 50 years imprisonment and ordered to pay a $10,000 fine).  We granted a certificate of probable cause and ordered the state to address "whether Hunt must show prejudice to obtain relief on his claim that his appellate counsel failed to argue any issue relating to No. F91-39619-TP."  Finding that he must, we affirm.

[1]Hunt v. State, Nos. 05-91-00767(68 and 69)-CR (Tex.App.-Dallas, August, 14, 1992)(unpublished).

[2]Ex parte Hunt, No. 24,065-01 (Tex. Crim. App. November 18, 1992) (application denied without written order on findings of trial court without a hearing); Ex parte Hunt, No. 24,065-02 (Tex. Crim. App. March 3, 1993) (application denied without written order); Ex parte Hunt, No. 24,065-03 (Tex. Crim. App. November 17, 1993) (application denied without written order on findings of trial court without a hearing).

Appellate counsel filed a brief in Hunt's consolidated appeal and failed to raise any issues with respect to one of Hunt's three convictions. Essentially, on direct appeal, if Hunt had been successful on all complaints, his conviction in cause number F91-39619-TP would not have been affected. Was Hunt constructively without counsel on appeal, or was counsel ineffective?

Where a defendant is without counsel, it is inappropriate to apply either the prejudice requirement of <u>Strickland</u> or the harmless-error analysis of <u>Chapman</u>.[3] Prejudice is presumed when a defendant experiences a complete denial of counsel, whether actual or constructive.[4] However, leaving a defendant "completely without representation during the appellate court's actual decisional process . . . is quite different from a case in which it is claimed that counsel's performance was ineffective."[5] Appellate counsel raised several grounds for appeal, all of which were rejected by the court of appeals. Hunt does not claim that he was constructively without appellate counsel, only that appellate counsel failed to raise complaints as to one of the

---

[3] <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); <u>Chapman v. California</u>, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

[4] <u>United States v. Riascos</u>, 76 F.3d 93, 94 (5th Cir. 1996).

[5] <u>Penson v. Ohio</u>, 488 U.S. 75, 88, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988).

convictions.  Hunt was not "completely without representation during the appellate court's actual decisional process."[6]  We hold that Hunt was represented by counsel.[7]  Counsel is not ineffective because he failed to raise issues requested by a defendant or because he failed to raise every possible point on appeal.[8]  Therefore, Hunt was required to meet the prejudice prong of Strickland.[9]  This he failed to do.

---

[6]Penson, 488 U.S. at 88, 109 S.Ct. at 354.

[7]Compare United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996) (defendant effectively had no counsel, where attorney filed no appeal and made no objections to defendant's sentencing after defendant plead guilty); Childs v. Collins, 995 F.2d 67, 68 (5th Cir.), cert. denied, 114 S.Ct. 613 (1993) (counsel failed to give notice of appeal and withdrew without informing defendant or trial court); Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992) (defendant who lost his right to appeal because of dereliction of counsel was presumptively prejudiced); Lofton v. Whitley, 905 F.2d 885 (5th Cir. 1990) (counsel who presented no claims of error to appellate court was afforded no representation); Abdurrahman v. Henderson, 897 F.2d 71 (2d Cir. 1990) (where defendant receives more than nominal representation during state appeal, Strickland applies); Cf. Lombard v. Lynaugh, 868 F.2d 1475, 1480 (5th Cir. 1989).

[8]Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991).

[9]"To prevail on a claim of ineffective assistance of counsel, Hunt must show that (1) counsel's performance was so deficient as to fall below an objective standard of reasonableness and (2) there is a reasonable probability that, but for the unprofessional errors, the result of the proceeding would have been different."  Strickland, supra; Ward v. Whitley, 21 F.3d 1355, 1361 (5th Cir. 1994), cert. denied, 115 S.Ct. 1257 (1995).

Hunt raises numerous other "grounds of error" for our review.  After careful consideration of these issues, we AFFIRM the district court's order denying Hunt relief.